### IRVINE et ux. *v.* MONTGOMERY COUNTY, MARYLAND

[No. 310, September Term, 1964.]

114

*Decided May 27, 1965.*

The cause was argued before PRESCOTT, C. J., and HOR-
NEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*David L. Cahoon* for the appellants.

Submitted on brief by *Robert G. Tobin, Jr., County Attorney
for Montgomery County,* and *Douglas H. Moore, Jr., Deputy
County Attorney,* for the appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

The appellants, seeking injunctive relief for alleged damages
to their property through continuous diversion of surface wa-
ters and denial of use of a public road, appeal the dismissal of
their bill of complaint as to Montgomery County. The lower
court held, as a matter of law, on the pleadings, that the County
is immune from suit for the acts alleged against it, because it
was exercising a governmental function.

The bill of complaint alleged that the plaintiffs are the own-
ers of a tract of land in Montgomery County of some five and
three quarters acres, known as "Walkers Mill Tract." The tract
has been served by a public road, "Walkers Mill Road", for
many years. The bill was filed against Francis L. Harding and
Lucille M. Harding and Old Farm Real Estate Corporation,
the owners of certain land to the east of the appellants' tract,
who had adopted a plan of subdivision for their land; Mr. and
Mrs. William I. Thomson, who, it is alleged, participated in the
acts complained of; and the County. The essential facts alleged

against the County are that it approved the plat of subdivision as to road and street grades; that the excavation, grading and paving of the streets was carried out pursuant to the requirements of and under the supervision of its Department of Public Works; that it has permitted the other defendants to regrade, fill and completely obstruct a public road; that as a consequence the appellants have been denied access to their lands; and that the excavation, grading and paving of streets has unlawfully diverted surface water to the continuing injury of the appellants.

The Old Farm Real Estate Corporation, the Hardings and the Thomsons demurred to the bill and the Thomsons moved for summary judgment. The County filed a motion raising the preliminary objection of governmental immunity under Maryland Rule 323, and also filed an answer to the bill. The court below, after argument, sustained the demurrer of Old Farm Real Estate Corporation, denied the motions of the Thomsons for summary judgment, overruled the demurrers of the Thomsons and the Hardings, and dismissed the bill against the County. In the order of dismissal, Judge Pugh stated he was satisfied by the record of the proceedings that the County was exercising a governmental function and was therefore immune from suit, and that he was of the opinion the matter should be decided under Maryland Rule 502 rather than Rule 323.

A preliminary question raised by the appellants is whether the court erred in proceeding under Rule 502. That rule reads in part as follows:

> "a. *Question of Law—Stay—Appeal.*
> At any stage of the action, the court may, on application of any party or of its own motion if it shall appear that there is a question of law which it would be convenient to have decided before going further, direct such question to be raised for the court's decision in such manner as the Court may deem expedient."

Rule 323 b and c provides that the defense of governmental immunity shall be raised by motion before any pleading on behalf of the party making the motion is filed. This the County

did. The court, on its own motion, proceeded to decide the question of law involved under Rule 502, because it appeared to the judge that it would be convenient to have the question decided under that Rule. By so doing, the court had all the pleadings before it. No evidence was taken; the question of law was decided on the pleadings. The appellants contend that, as a matter of law, the trial court was in error in deciding that the County was immune for the acts alleged against it. That question is before us. The purpose of Rule 323 is to have a legal question, such as this, decided before trial of the action on its merits, and this purpose has been accomplished. Compliance with procedural regulations is essential to the fair and efficient administration of justice, but it is the substance of compliance and the fair treatment of the parties, which are determinative. See *Board of County Commissioners for Prince George's County v. Kines,* 239 Md. 119, 210 A. 2d 367. Here, those requisites have been met.

The case turns on which of the two legal principles pertaining to governmental immunity is applicable. There can be no recovery in Maryland against a municipal corporation for injuries occasioned by its negligence or nonfeasance in the exercise of functions essentially governmental in character, but the political subdivision is liable if it fails to prevent a public nuisance in respect of a public right of way or other property which it owns or maintains. *Fowler v. Bd. of Co. Comm'rs,* 230 Md. 504, 507, 187 A. 2d 856 (1963) and cases therein cited.

The appellants' bill of complaint alleges that the County approved the subdivision plat submitted by the private developers pursuant to its Subdivision Regulations and issued building and road construction permits within the platted subdivision. These actions were taken under Laws of Montgomery County, 1962 p. 51 et seq. By taking the actions, it is alleged, the County became a full participant with the other defendants in the establishment of the conditions creating the nuisance complained of and is committed to maintaining these conditions in the future.

An actionable wrong may arise under some circumstances if a private nuisance is created as a result of grading and other building activities which accelerate the natural flow of water and

damage an adjoining property. *Battisto v. Perkins,* 210 Md. 542, 124 A. 2d 288 (1956). However, in issuing permits for construction, a municipality is only exercising its governmental authority and is immune from action against it. *Lipsitz v. Parr,* 164 Md. 222, 227, 164 Atl. 743 (1933); 18 McQuillin, *Municipal Corp.,* 3d ed. § 53.37; 25 Am. Jur. *Highways,* §§ 356 and 592. Even though the permits were for street construction, the municipal corporation is immune from liability for error of judgment, unaffected by negligence. *Cumberland v. Turney,* 177 Md. 297, 314, 9 A. 2d 561 (1939). Here, the bill of complaint does not allege any acts of negligence on the part of the County in approving the plan of subdivision, or any failure of the plan, in respect of streets, to conform to the specifications of the county code.

The appellants contend that the County had a proprietary interest in two aspects, and is therefore liable for the creation of the alleged nuisance. They argue that the grading and filling of Walkers Mill Road, a public highway, altered the natural contours of the land and diverted the natural flow of waters therefrom, thereby damaging the appellants' property. However, the exhibits filed with the County's answer show that, by legislative action prior to the entry of the order dismissing the bill against the County, the County Council had abandoned the portion of the road here involved as no longer necessary or suitable for public use; one of the Councilmen stated, in connection with the passage of the resolution, that he felt there was a better road to serve the appellants' property. The appellants contend, further, that the alleged nuisance relates to the maintenance of public roads which will be created pursuant to the County's approval of the subdivision plans. But liability of a municipal corporation for default or neglect in the maintenance of roads in which it has a proprietary interest arises only in connection with highways that it has created or accepted. *Cox v. Anne Arundel County,* 181 Md. 428, 431-433, 31 A. 2d 179 (1943). Here, it is not alleged that the contemplated new roads have even been completed. No proprietary interest of the County existed at the time the order was signed.

The appellants, in support of their contentions that the County is maintaining a private nuisance, rely upon *Baltimore City v.*

*Fairfield Imp. Co.,* 87 Md. 352, 39 Atl. 1081 (1898) ; *Taylor v. M. & C. C. of Balt.,* 130 Md. 133, 99 Atl. 900 (1917) ; and *Waters v. B. & O. R. R. and Mayor and Council,* 120 Md. 644, 88 Atl. 47 (1913). In *Fairfield,* it was held that the use of a property of the city for the maintenance of a leper was a private nuisance, and not the authorized establishment of a hospital. *Taylor* held that the legislative authorization to the city for the establishment and maintenance of a sewerage disposal filtration plant did not permit it to discharge debris and sewage upon adjoining properties. In *Walters,* the city and the railroad, by changing the grade of a street, had barred ingress and egress to an adjoining building, except by means of a ladder from the second floor window, and had shut off the light and air from the first floor, making it uninhabitable; it was held that this action amounted to a taking of property without compensation. None of these cases is apposite to the situation here presented.

The order of the court below in dismissing the bill as against the County was in accord with the applicable principles of governmental immunity.

*Order affirmed; costs to be paid by the appellants.*