## JOHN H. MEARS, JR. *v.* BRUCE, INC.

[No. 81, September Term, 1978.]

*Decided July 11, 1978.*

The cause was argued before MASON, LISS and MACDANIEL, JJ.

*Charles W. Collett,* with whom were *Goldsborough, Franch & Collett* on the brief, for appellant.

*T. Hughlett Henry, Jr.,* with whom were *William H. Price, II,* and *Henry, Hairston & Price* on the brief, for appellee.

LISS, J., delivered the opinion of the Court.

On November 11, 1977, the Easton Board of Zoning Appeals reversed a prior decision of the Town of Easton Building Inspector and directed that a building permit be issued to the appellee herein, Bruce, Inc., for the construction of a 55,000 square foot store to be leased to K-Mart, Inc. The appellant, John H. Mears, Jr., noted an appeal on December 8, 1977 to the Circuit Court for Talbot County, and on

December 16, 1977 filed a petition pursuant to Rule B2.e of the Maryland Rules of Procedure.[1] On the day the appeal was noted counsel for appellant communicated with the Town Clerk, Elizabeth M. Willey, and requested that she prepare a transcript of the proceedings before the Board of Zoning Appeals and delivered a cover letter and check for advanced costs, receipt of which was acknowledged on the same date.

There is some confusion as to what occurred on January 5, 1978. Counsel for appellant states that he personally communicated with the Town Clerk's office to determine if the record would be ready in time for transmittal within the 30-day period prescribed by the Rules which he mistakenly calculated to fall on January 8, 1978. The actual expiration date of the 30-day period was January 16, 1978. He further stated that he was advised that the record was ready and immediately dispatched his secretary to the office of the Town Clerk for the specific purpose of physically transporting the record to the Clerk of the Circuit Court. Appellant's counsel contends that his secretary was advised that the papers which she picked up from an employee at the Town Clerk's office was the Bruce, Inc. record and that she delivered them to the Deputy Clerk of the Circuit Court for Talbot County. Prior to that delivery the secretary stopped at her office and made two copies of the transcript, placing one copy in the appellant's file and delivering one copy to counsel for the appellee. Later that same day the Deputy Clerk called the secretary to request that a title page be prepared for the transcript, and the secretary prepared and delivered it to the Clerk's Office as requested.

Appellee at least partially contests the appellant's statement of the facts and points out that the Town Clerk in her testimony did not remember whether her conversation

---

1. "Rule B2. How Appeal Taken.

      . . .

 e. *Petition.*
  The appellant shall join with his order for appeal, or shall file with the clerk of the court, within ten days after filing the order, a petition setting forth the action appealed from, the error committed by the agency in taking such action, and the relief sought, and shall serve a copy thereof on the agency."

with appellant's counsel related to the readiness of the transcript or the record. It is conceded by the appellant that the documents delivered to the office of the Clerk of the Circuit Court did not include the exhibits filed before the Board of Zoning Appeals at the original hearing and that, therefore, the record was not complete to that extent.

On Friday, January 20, 1978, appellee filed a motion to dismiss appellant's appeal on the ground that appellant had failed to comply with the requirements of Rule B7 of the Maryland Rules of Procedure.[2]

On Monday, January 23, 1978, the exhibits which had been introduced into evidence before the Board of Zoning Appeals were delivered by the Town Clerk and filed by the Clerk of the Circuit Court in the proceedings pending in that court. On January 26, 1978, the Town Clerk testified that she had no prior knowledge of Maryland Rule B7 and more specifically of the requirements imposed upon her by subsection a of that Rule. On that date, the Circuit Court for Talbot County granted appellee's motion to dismiss the appeal for failure to transmit the record within the time limitations allowed by law. At a later hearing on appellant's motion to reconsider, the Circuit Court on February 15, 1978 reaffirmed its prior ruling and this appeal followed.

The issue raised herein is whether the trial court erred in dismissing appellant's appeal in the Circuit Court on the ground that the entire record had not been transmitted within the time prescribed by the Rules. Appellant urges that his

---

2. "Rule B7. Record.

    a. *Time Within Which Required — Content.*

    Promptly after receipt of a copy of the first petition filed in a case pursuant to section e of Rule B2 (How Appeal Taken) and in any event within thirty days after such receipt, unless a different time shall be fixed by order entered pursuant to section b of this Rule, the agency shall transmit to the clerk of the court the original or a certified copy of the record of its proceedings, including any transcript of testimony and any exhibit filed therein; if the testimony has been recorded but not transcribed prior to the filing of the appeal, the appellant, unless otherwise provided by law, shall, if required by the agency, pay the expense of transcription and that expense shall be taxed as costs. . . ."

failure to comply completely with Rule B7 is excused by the provisions of subsection c of that rule.[3]

The case *sub judice* presents a unique situation in which the principal issue arises out of the failure of the clerk of an administrative agency to transmit the entire record within the time prescribed by Rule B7.a. It is agreed by both parties that the transcript of the proceedings before the administrative agency was timely filed but that the exhibits were omitted and not filed for record with the Clerk of the Circuit Court until after the 30-day filing period had expired. That failure is the sole deviation from the requirements of the B Rules, which is charged against the appellant.[4]

The trial judge, in granting the appellee's motion to dismiss the appeal, based his conclusion on three grounds which he stated as follows: (1) Md. Rule B7.a imposed a duty on the appellant to see that a complete record was transmitted to the Clerk of the Circuit Court within the time allowed by law; (2) the fact that a secretary of counsel for the appellant physically picked up the record from the clerk of the administrative agency and delivered it to the Circuit Court placed appellant on notice that the record was incomplete, and (3) the fact that appellant undertook to transport the record to the Clerk of the Circuit Court and thereafter failed to notify the clerk of the administrative agency that the record was incomplete lulled the administrative clerk into a false sense of believing that her duties had been discharged, and the appellant should, therefore, be estopped from claiming error on the part of the clerk since appellant's actions precipitated the error. We do not agree and shall reverse.

---

3. Rule B7, subsection c provides:

"An appeal shall not be dismissed because the record has not been transmitted within the time prescribed, if it appears to the court that such delay was occasioned by the neglect, omission or inability of the agency or other party other than the appellant; provided, however, that such neglect, omission or inability shall not be presumed, but must be shown by the appellant."

4. The Court of Appeals has on many occasions noted that the requirements of Subtitle B of the Md. Rules are similar to those found in the 800 and 1000 Rules governing appeals from the Circuit Court. The language of these rules is almost identical with that in the Subtitle B Rules. *See*: Jacober v. High Hill Realty, Inc., 22 Md. App. 115, 321 A. 2d 838 (1974).

We note initially that we cannot accept the estoppel theory based upon the premise that the administrative clerk was lulled into believing that her duties had been discharged. By her own testimony, she had no knowledge that she was charged with the duty of delivering the record. She stated that during her 10 years in office she had had a similar case on only one occasion and on that occasion the details were handled by the Town Attorney. It seems clear to us that one who does not know that she is under an obligation to perform can hardly claim that she believed that she had satisfactorily performed a duty which she did not know existed. We find no bar to the appellant's claiming that it was the clerk's error which precipitated the delay which led to dismissal of the petition.

A review of the cases decided by the Court of Appeals and this Court dealing with similar controversies establishes two distinct lines of decision. One line of cases is harsh and unyielding in requiring strict adherence to the time limitations imposed by the rules for appeal. *Horseman v. Furbush,* 124 Md. 581, 93 A. 149 (1915), is illustrative of that approach. There the rules required that the record be filed with the Court of Appeals within 90 days. The record was mailed from Salisbury, Maryland on August 17, 1914 and arrived in the Annapolis Post Office too late for delivery on August 18, 1914. It was delivered on the 91st day after the order for appeal was filed. In affirming the dismissal of the appeal the Court stated:

> "While we are naturally reluctant to enforce the rule when the time it allows for the transmission has been exceeded by such a narrow margin as on this appeal, we could not rightfully modify its express and definite terms, or make its application depend upon a mere measurement of the extent to which it has been transgressed, in order to avoid the prescribed consequence of the delay in a particular case." *Id.* at 585.

To the same effect is *Stiener v. Harding,* 88 Md. 343, 41 A. 799 (1898) which held that a prima facie case for dismissal

appearing from the fact that the time has elapsed for proper filing, "this *prima facie* evidence must be rebutted and overcome by the appellant. He can overcome its effect by showing that the delay was due (first) to the neglect, (second) to the omission or (third) to the inability of the clerk." *Id.* at 345.

*See: Goldman v. Tauber,* 258 Md. 174, 265 A. 2d 225 (1970); *Brill v. State,* 144 Md. 68, 124 A. 414 (1923); *Castelberg v. Hamburger,* 133 Md. 42, 104 A. 473 (1918); *Horsey v. Woodward,* 124 Md. 361, 93 A. 9 (1914).

The Court, however, as far back as 1878 has recognized that there were some circumstances in which a failure of strict compliance with the Rules should be excused. In *Wilson v. Merryman,* 48 Md. 328 (1878), the Court had before it a motion that an appeal be dismissed because the record had not been transmitted to the appellate court within the prescribed period. The appellant had filed his appeal bond and affidavit promptly after entry of his appeal and had directed the clerk to make up the record for the Court of Appeals. Within the time allowed, the clerk notified the appellant that the record was ready and counsel immediately paid the cost of preparation of the record. The clerk waited to file the record until he received certain exhibits which the clerk claimed had been lost or misplaced. Appellant was not notified of the delay and did not learn of the failure to transmit until past the time for filing of the record. In refusing to dismiss the appeal the Court said:

> "The only parties upon whom the law imposes the duty of preparing and transmitting the record, being the appellant and the clerk, if delay occurs it must ordinarily be ascribed to the act or omission of one or the other of those parties, hence the language of the Rule. The spirit and intent of which is that in such case the *onus* is on the appellant to prove affirmatively that he has used due diligence to comply with the Rule, and that he has not been guilty of any omission, default or *laches.*
>
> "In this case, we think this has been satisfactorily shown." *Id.* at 335.

It is the duty of the administrative agency to transmit the record (*i.e.,* transcript and exhibits) to the Circuit Court within 30 days after the filing of a notice of appeal. Rule B7 a; Jacober v. High Hill Realty, Inc., 22 Md. App. 115, 321 A. 2d 838 (1974).

In a series of cases the Court of Appeals has indicated that when there has been substantial compliance with the B Rules an appeal should not be dismissed. In *Board of Co. Comm'rs of P. G. Co. v. Kines,* 239 Md. 119, 210 A. 2d 367 (1965), it was contended that the appellants had failed to serve properly the County Commissioners with a copy of the order of appeal as required by the B Rules. The appellants had timely filed their petition for review in accord with the former practice and had served the Commissioners with a copy. The trial court found that there had been substantial compliance and refused to dismiss the appeal. The Court affirmed concluding that the Commissioners had full and timely notice that the protestants sought to overturn the actions of the District Council in the Circuit Court.

In a case decided on the same day as *Kines, supra, Irvine v. Montgomery Co.,* 239 Md. 113, 210 A. 2d 359 (1965), Judge Oppenheimer stated the Court's philosophy with regard to the value of compliance with the rules to be as follows: "Compliance with procedural regulations is essential to the fair and efficient administration of justice, but it is the substance of compliance and the fair treatment of the parties, which are determinative." *Id.* at 117.

In *Town of Somerset v. Montgomery Co. Bd. of Appeals,* 245 Md. 52, 225 A. 2d 294 (1968), appellants failed to allege in their petition that they were persons aggrieved by the Board's order but did state that the appeal was filed pursuant to the B Rules. The trial court in effect dismissed the appeal by granting a demurrer without leave to amend. In reversing, the Court of Appeals stated, "Where there is compliance with the substance of the requirements of statutes or rules and the other parties have not been prejudiced, technical irregularities cannot be made the basis for depriving persons of the opportunity to assert their legal rights. . . . The

demurrer should have been overruled." (Citations omitted). *Id.* at 61.

In its most recent expression on this subject, the Court of Appeals, in *Border v. Grooms*, 267 Md. 100, 297 A. 2d 81 (1972), had before it a case in which parties opposing reclassification of certain property notified the zoning board by letter that an appeal would be taken from its decision granting reclassification, and thereafter filed their order and petition of appeal within the time prescribed by Md. Rule B2 and mailed copies to counsel for the zoning board. Appellant, however, failed to serve a copy of the petition of appeal on the board. Appellees contended that the appeal should have been dismissed under Rule B5 because the appellant had failed to comply with Rule B2.e which required that a copy of the petition be served "on the agency." The Court of Appeals distinguished the facts before it from two other cases in which appeals had been dismissed. In *Volk v. Pugatch*, 262 Md. 80, 277 A. 2d 17 (1971), the Court approved the granting of a motion to dismiss where the appellant completely failed to file the petition of appeal required by Rule B2.e and failed to transmit the record and testimony as required by Rule B7.a. In *Salisbury Bd. of Zoning Appeals v. Bounds*, 240 Md. 547, 214 A. 2d 810 (1965), the Court of Appeals reversed a lower court's ruling refusing to dismiss an appeal where the appellants failed to file a petition of appeal setting forth the error committed by the agency until 30 days after the time prescribed for such filing by Rule B2.e. In both cases the Court pointed out that such failure to comply did not require a showing of prejudice to the adverse party as a prerequisite to dismissal of the appeal.

In distinguishing *Border v. Grooms* from these cases, the Court of Appeals noted that this was not a case where the agency's failure to receive a copy kept it in darkness as it had full and timely notice that its decision had been appealed and therefore, the real purpose of Rule B2.e was satisfied. Concluding that the lack of any prejudice was manifest, the Court held that the failure of the appellant to serve a copy of the timely filed petition "on the agency" did not mandate dismissal of the appeal.

We conclude that the trial court's order dismissing the appeal to the Circuit Court should be reversed on either of two grounds. We believe that there has been substantial compliance with the requirements of the B Rules. The appellant timely filed his notice of appeal pursuant to Rules B2.a and B4.a; appellant timely filed the petition required by Rule B2.e; appellant properly served notice on the appropriate agency that an appeal had been filed; appellant ordered and paid for the transcript of the proceedings; the record, with the exception of the exhibits, was filed with the Clerk of the Circuit Court prior to the date required by the Rules; the exhibits were, in fact, prepared and offered into the record below by the appellee who was fully aware of their contents; the exhibits were filed on the Monday following the Friday when appellee filed its motion to dismiss. We find absolutely no prejudice in the delay in filing the exhibits and believe that it would be manifestly unfair to deprive the appellant of his day in court on the merits of this matter because of the technical failure to file the exhibits at the time the record was transmitted.

We find further that the duty of preparing and transmitting the record in an administrative appeal to the Clerk of the Circuit Court is by the language of Rule B7.a the responsibility of the agency and that the voluntary action of counsel for the appellant in having his secretary perform the ministerial task of delivering the record from the Town Clerk's office to the Clerk of the Circuit Court did not impose any additional duty on him nor relieve the clerk from her duty to prepare correctly the entire record. Whatever error occurred in the transmittal of the record was not the fault or responsibility of the appellant but was clearly shown to have occurred by reason of the omission of the clerk.

> *Order of dismissal of appeal reversed; case remanded for further proceedings.*
> *Costs to be paid by appellee.*
> *Mandate to issue forthwith.*