526 A.2d 623
**TOWN OF NEW MARKET**

v.

**FREDERICK COUNTY, Maryland, et al.**

**No. 1304, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

June 8, 1987.

Mary E. Storm, Frederick, for appellant.

Lawrence E. Speelman, Co. Atty., Frederick, for appellee, Bd. of Co. Com'rs of Frederick County.

Ralph Gordon (Wendy S. Kearney, on the brief), Frederick, for appellee, Turnpike Farms Ltd. Partnership.

Argued before MOYLAN and KARWACKI, JJ., and JAMES S. GETTY, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

JAMES S. GETTY, Judge, Specially Assigned.

The Town of New Market has appealed from an Order of the Circuit Court for Frederick County denying appellant's Motion for Extension of Time to File Record and the resulting Judgment Order dismissing the appeal.

The record establishes that on July 2, 1986, New Market filed a timely appeal from an earlier decision of the Board of County Commissioners of Frederick County wherein the Board approved a zoning change on a 6.5 acre parcel of land owned by Turnpike Farms Limited Partnership. The classification of the land changed from agricultural to commercial. On July 11, 1986, New Market filed, pursuant to Md.Rule B2e., its petition setting forth the action appealed from, the error committed by the agency and the relief sought. Pursuant to Md.Rule B7a., the record was to be

filed on August 11, 1986, which is thirty days from the day of appeal.[1]  The Rule provides:

Rule B7

a.  Time Within Which Required—Content.

Promptly after receipt of a copy of the first petition filed in a case pursuant to section e of Rule B2 (How Appeal Taken) and in any event within thirty days after such receipt, unless a different time shall be fixed by order entered pursuant to section b of this Rule, the agency shall transmit to the clerk of the court the original or a certified copy of the record of its proceedings, including any transcript of testimony and any exhibit filed therein;  if the testimony has been recorded but not transcribed prior to the filing of the appeal, the appellant, unless otherwise provided by law, shall, if required by the agency, pay the expense of transcription and that expense shall be taxed as costs;  provided, that there shall be omitted such papers as the parties to the appeal shall designate by stipulation, and such stipulation shall be transmitted with the record.

Counsel for one of the appellees, Board of County Commissioners of Frederick County, states that in zoning cases arising in the county the practice has been for the appellants to select a stenographer and assume the costs of transcribing the testimony.  The county makes available its recordings of the hearing in order that an accurate transcript is produced.  Appellant admits that it was aware of this practice, but it asserts that the agency cannot thereby be relieved of its burden under B7a. to transmit a complete record to the clerk of the court.

Unlike Md.Rule 1026a.2 governing appeals to the Court of Special Appeals, which expressly requires the appellant to order a transcript, Rule B7 contains no such language. Arguably, the rule should be more precise.  The appellant herein believed the agency would obtain the transcript;  the appellee, because of the local practice, assumed that the

---

1.  August 10, 1986, the thirtieth day, was a Sunday.  The petition filed August 11th, therefore, was timely.

appellant would procure the transcription. Unfortunately, neither communicated with the other until the 30th day and the matter was exacerbated by the refusal of the trial court to grant an extension in order that the tapes of the administrative hearing be included in the record.

■ We note that in at least two reported cases involving the B Rules, the appellant requested and paid for a transcript. Those cases, decided on other grounds, are *Mears v. Bruce, Inc.*, 39 Md.App. 649, 388 A.2d 550 (1978), and *Jacober v. High Hill Realty, Inc.*, 22 Md.App. 115, 321 A.2d 838 (1974). As written, Rule B7a. is subject to at least two interpretations. One, the responsibility for transmitting the record to the clerk is expressly delegated to the agency. The agency, therefore, is obliged to obtain a transcript notwithstanding it may require the appellant to pay the costs thereof. Two, payment of the expense of transcription is ordinarily borne by the appellant; it is, therefore, incumbent upon appellant to initiate the process of obtaining a transcript. Clearly, Rule B7a. places the responsibility for transmitting the record to the clerk of court upon the agency whose decision is being appealed. *Mears v. Bruce, Inc.*, 39 Md.App. 649, 388 A.2d 550 (1978). We think the onus is on the agency to forward to the clerk a complete record, since a record without the testimony is meaningless.

The issue that is dispositive of this case centers around the refusal of the trial judge to grant an extension of time to complete the record. Rule B7b. states:

b. Change of Time.

Upon application of any party, including the agency, and for sufficient cause shown, the court may direct that the record be transmitted in such shorter or longer time, not exceeding ninety days after receipt of the first copy of a petition of appeal, as may be ordered, except that the record need not be transmitted until after disposition of a motion to dismiss the appeal or similar preliminary motion.

We note that the request for additional time was timely in that it was filed on August 11th, the 30th day, that being the final day for transmission of the record to the clerk. The agency filed the record absent the transcribed testimony. On August 14th the intervenor, Turnpike, filed a motion in opposition to appellant's request for an extension of time to complete the record and requested a hearing thereon. Counsel for the Board of County Commissioners had agreed that the Board would not oppose the motion for additional time. Although the intervenor certified that a copy of its opposition was hand delivered to appellant's attorney on August 14th, by a second affidavit, dated September 9, the process server admitted that the pleading was wedged in the front door, because no one was present in the office. Appellant was unaware of the August 14th motion until she received, on September 2nd, a copy of a motion for judgment filed by the intervenor reciting appellant's failure to respond to the August 14th motion.

The Court's Order denying the extension of time was signed on August 29th and filed September 2nd. On September 4th the trial court dismissed the appeal, citing Turnpike Farms' motion to dismiss, denial of the motion for extension of time and appellant's failure to order and file a transcript. On September 5th appellant filed a motion to vacate the earlier Order denying appellant an extension of time, setting forth its lack of knowledge regarding Turnpike's motion to dismiss. All of appellant's motions were denied.

■ The trial court's refusal to extend the time to complete the record and its dismissal of the case preceded the disclosure that Turnpike's service of its opposition to extend time was not received by appellant and that the service was not in accordance with Md.Rule 1–321.[2] We cannot deter-

---

**2.** Delivery of a copy within this Rule means: handing it to the attorney or to the party; or leaving it at the office of the person to be served with an individual in charge; ... or, if the office is closed ...

mine what importance the trial court placed on appellant's failure to respond to Turnpike's opposition to an extension of time. After being made aware of the improper service, however, the trial court refused to reconsider the dismissal. The Court, apparently, denied relief for failure to order the transcript within the thirty day period. As we have pointed out, the Rule is less than clear upon whom that obligation rests. We hold that upon the facts of this case the Court abused its discretion in denying the motion for extension of time to complete the record filed within the thirty day period for transmitting a record of the administrative hearing.

We agree with Judge Oppenheimer's statement of the Court's philosophy with regard to the value of compliance with the rules set forth in *Irvine v. Montgomery County*, 239 Md. 113, 117, 210 A.2d 359 (1965):

> Compliance with procedural regulations is essential to the fair and efficient administration of justice, but it is the substance of compliance and the fair treatment of the parties, which are determinative.

We think that the important issues raised by this appeal should be heard on the merits.

JUDGMENT REVERSED.

REMANDED TO THE CIRCUIT COURT FOR FREDERICK COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID—ONE-THIRD BY EACH OF THE THREE PARTIES.

---

leaving it at the dwelling house ... of that person with some individual of suitable age and discretion who is residing there.