691 A.2d 248

**Leo Wade ADAMS**

v.

**OFFENDER AID & RESTORATION
OF BALTIMORE, INC., et al.**

**No. 756 Sept. Term, 1996.**

Court of Special Appeals of Maryland.

March 26, 1997.

C. Paul Champion, III, Upper Marlboro, for Appellant.

Gary S. Posner (Whiteford, Taylor & Preston, L.L.P., on the brief), Baltimore, for Appellee.

Argued before DAVIS, HARRELL and SONNER, JJ.

SONNER, Judge.

This is an appeal from the granting of a motion to dismiss,with prejudice, by the Circuit Court for Prince George's County (Perry, J). Appellant Leo Wade Adams filed suit for damages in a three-count complaint alleging breach of contract, negligent misrepresentation, and wrongful discharge. The suit arose from an employment relationship in which Mr. Adams was employed by appellee Offender and Restoration of Baltimore, Inc. (OAR) as a "skip chaser," a person who apprehends defendants who have failed to appear in court and who have caused the forfeiture of bonds posted by OAR.

A defendant in a criminal case, Woody Horton, whom Mr. Adams was to apprehend, failed to appear in court, causing his bond to be revoked. OAR allegedly requested that Mr.

Adams locate and arrest Mr. Horton by giving Mr. Adams an address in Baltimore City where Mr. Horton supposedly lived. Mr. Adams, allegedly acting on that information, made forced entry at that address on the morning of July 31, 1992. That morning, however, Mr. Horton was being held in the Baltimore City jail. The forced entry resulted in a lawsuit against Mr. Adams for an altercation that occurred at the address and led to his dismissal from employment with OAR. Mr. Adams alleges that OAR knew or should have known that Mr. Horton was in jail and failed to pass that information on to him. Consequently, Mr. Adams filed suit in the Circuit Court for Prince George's County against his former employer.

His complaint was met by a Motion to Dismiss for Improper Venue, which was accompanied by a Request for Hearing pursuant to Maryland Rule 2–311(f). That rule provides:

**Hearing—Other Motions.**—A party desiring a hearing on a motion, other than a motion filed pursuant to Rule 2–532, or 2–533, or 2–534, shall so request in the motion or response under the heading "Request for Hearing." Except when a rule expressly provides for a hearing, the court shall determine in each case whether a hearing will be held, but it may not render a decision that is dispositive of a claim or defense without a hearing if one was requested as provided in this section.

On October 3, 1995, Judge Darlene Perry, without holding a hearing, signed an order granting OAR's motion to dismiss with prejudice. The order signed by her stated that she "heard argument of counsel and [was] fully advised, . . ." even though no hearing was actually held and no oral argument was made to the court before the order to dismiss was signed. Thereafter, on October 17, 1995, Mr. Adams filed a Motion to Alter or Amend Order of Dismissal of Action. OAR, through its attorneys, filed an opposition to that motion on November 29, 1995. On December 1, 1995, Judge Perry conducted a hearing on Mr. Adams's motion, denied it and, consequently, affirmed her previous ruling. In doing so, she stated:

I don't believe that the rules require that where one party files a request for a motion—files a motion, requests a hearing, and the other party, and the other party does not respond that the Court is required to hold that hearing. . . .

■ The issue presented by this appeal is whether Md. Rule 2–311(f) requires the circuit court to hold a hearing before rendering a decision that is dispositive of a claim or defense, in the absence of a timely filed response by the non-moving party. We hold that it does.

■ The court can grant a motion that disposes of a claim if there is no request for a hearing. If a request for a hearing has been made, however, the rule limits the ability of the circuit court to grant a motion without a hearing.

In her ruling, Judge Perry relied on the fact that Mr. Adams did not file a response to the motion or a request for a hearing. We quote:

We do this all the time. Where there is not a response within the time and a request for a hearing—and this member of the Court, I do all of the dispositive motions for this county and for this, for this court. Even if a response had been timely filed then I would have gone ahead and had the hearing, but I didn't have either of those things. I don't think that that's what 2–311(f) requires. Otherwise, I'd be sitting here on Fridays doing hundreds of motions that had no response to them. I don't think that's what's required of the rules, and if that's incorrect then maybe someone wants to take it up and we can have a, a decision on it. But I don't think that's what the rules require and the Court's going to deny the motion.

Judge Perry's interpretation of Rule 2–311(f) is not to apply the rule when the non-moving party has failed to reply to a motion to which is attached the request for a hearing. We believe that she is wrong. Looking at the plain language of the rule, it is obvious that the rule imposes no such qualification or limitation. The rule is in the passive voice and does not make reference to the party who makes the motion, but emphasizes the effect of the ruling. Judge Perry's interpreta-

tion conflicts with the purpose of the rule, which is to prevent a final disposition—one that removes a claim or a defense—unless the losing party has had a chance to argue on the record and to prevent the court from ruling incorrectly. The rule does not provide an exception to the exception, that is, an exception to permit the court to rule without a hearing on dispositive motions if the opposing party fails to file a response.

The history of the rule discloses that the original intent of the Rules Committee in fashioning the rule was to leave the discretion to grant a hearing with the trial judge because "most motions are frivolous or dilatory in nature" and the disposition of the motions is "an administrative matter." *Fowler v. Printers II*, 89 Md.App. 448, 483, 598 A.2d 794, 811 (1991). In his remarks on Rule 2–311(f), John F. McAuliffe, then chair of the Rules Committee, stated:

> It is the Committee's intent that the court be permitted to dispose of motions without hearings whenever a hearing is not deemed necessary and the ruling the court determines to be appropriate *is not dispositive of a claim or defense*
> . . . .

*Fowler*, 89 Md.App. at 484, 598 A.2d at 811–12 (quoting Letter from John F. McAuliffe, Chair of the Rules Committee (Aug. 1, 1983) (emphasis supplied).) Judge McAuliffe, for the Court, further explained in *Phillips v. Venker*:

> Under section (f) of [Maryland Rule 2–311], if the motion is one for which a hearing must be granted and the moving party demands a hearing, the court may not thereafter rule on the motion without a hearing, even if no response is filed. *The motions rule does not recognize the concept of a default in response to a motion.* Rather, the court must consider the merits of the motion before it. *The responding party may elect to file no response and rely on the hearing demanded by the moving party* . . . .

316 Md. 212, 217, 557 A.2d 1338, 1340–41 (1989) (emphasis supplied) (quoting P. Niemeyer and L. Richards, *Maryland Rules Commentary* (1984), (1988 suppl.) at page 33.) The

Rules Committee and the Court clearly intended that a certain category of motions not be decided without a hearing, if either party has requested one.

The minutes recording the adoption of Rule 2–311(f) indicate that the proposed rule from the subcommittee recommended that the holding of hearings on all motions be discretionary with the trial judge; however, the recommendation was amended by the Rules Committee to provide that the movant be entitled to a hearing as a matter of right. After some further discussion, the language was restated to provide that "[i]f the ruling is dispositive of the claim or defense, *the party affected* is entitled to a hearing as a matter of right and the court will set the motion down for a hearing." The Rules Committee submitted this language to the subcommittee for drafting, and it drafted the language as it stands today. Even though the subcommittee's version does not state "the party affected," the subcommittee drafted the rule, as it stands, *according to the intent of the Rules Committee*, stating that it did not change the substance.

This Court interpreted Rule 2–311(f) in *Karl v. Blue Cross,* 100 Md.App. 743, 642 A.2d 903 (1994). Judge Alpert, for the Court, held that appellant was entitled to an oral hearing on the motion, even though the hearing was requested by appellee.

We believe it better to interpret Rule 2–311(f) so that attorneys will be able to rely on the plain language to decide whether it is necessary to file a duplicative request for a hearing. It would not serve the orderly administration of justice to have two contrasting sets of procedures for requiring hearings based upon whether one or both parties had filed requests for a hearing.

■  OAR also argued in its brief that, notwithstanding this Court's finding that Mr. Adams was entitled to a hearing, the mistake was harmless error. OAR relies on *Baker, Watts & Co. v. Miles & Stockbridge,* 95 Md.App. 145, 161, 620 A.2d 356, 363–64 (1993), which held that the trial court's failure to allow a party to respond in writing to a motion for summary

judgment was harmless error because the party was able to articulate orally its position at the hearing on the motion. It claims that, at the hearing on Mr. Adams's Motion to Alter or Amend, Mr. Adams was ultimately given the chance to be heard.

*Baker, Watts* is distinguishable because appellant in that case was given the opportunity at a subsequent hearing to rebut the summary judgment motion with factual arguments. In this case, the trial court considered only whether or not to set aside her Order of Dismissal of Action for failure to have conducted a hearing. Judge Perry did not entertain factual or legal arguments on the merits of the motion to dismiss, nor did she exercise her discretion under Maryland Rule 2–327, which allows the court discretion to transfer the action to the proper county:

> If a court sustains a defense of improper venue but determines that in the interest of justice the action should not be dismissed, it may transfer the action to any county in which it could have been brought.

Maryland Rule 2–327(b). Mr. Adams never had a real opportunity to ask her to exercise her discretion. We, therefore, remand this case for a hearing so that Judge Perry can consider the merits of OAR's Motion to Dismiss for Improper Venue and to determine if, in the interest of justice, the action should be transferred to the proper county.

The Rules Committee clearly wanted to assure that litigants are entitled to a hearing, if they wish, on the category of motions which may bear the consequence of depriving a litigant of the ability to proceed in court. For those motions that could be categorized as "dilatory" or "frivolous," the established procedure permits judges to decide the issues based only on the pleadings and attached exhibits and affidavits. Even when the cases are not frivolous or dilatory, the judge may dispose of the case entirely without a hearing if no request for a hearing has been made.

The Rules Committee, however, singled out those cases in which the consequences of the judge's decision were the most

severe and where a request had been made for a hearing. This committee, composed of experienced practitioners and judges, recognized that it should not design a one-size-fits-all procedure and, instead, drafted this reasonable categorization. Although the Rules Committee apparently was of the opinion that the majority of motions are filed for frivolous or dilatory reasons, even it recognized that motions seeking the ultimate disposition, regardless of whether the movant in his heart intended it for delay, necessitated a separate procedure. For those cases in which oral argument or testimony may be helpful, the judge should conduct a hearing before ruling. It would work an unjust result to deny a hearing to the second category.

This case presents an example of how the misapplication of the rule caused an unjust result. Mr. Adams had no effective chance to argue orally and convince the court that venue did, indeed, lie in Prince George's County. By virtue of OAR's motion and request for a hearing, he had a right to expect such an opportunity. He also lost an opportunity to convince the court that it was in the interests of justice to transfer the suit to a proper venue, presumably Baltimore City. For that reason, we hereby vacate the judgment and remand this case to the Circuit Court for Prince George's County, with instructions to hold a hearing and determine whether venue does or does not lie in that county, or in the alternative, and in the interests of justice, whether the judge should transfer the case under Rule 2–327(b) to another county or Baltimore City.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY VACATED.**

**CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY APPELLEES.**