723 A.2d 568

Kerry M. WORMWOOD

v.

BATCHING SYSTEMS, INC., et al.

No. 874, Sept. Term, 1998.

Court of Special Appeals of Maryland.

Feb. 2, 1999.

Cynthia E. Young, Annapolis, for Appellant.

William A. Crawford (Law Office of Joseph M. Jagielski, on the brief), Baltimore, for Appellees.

Argued before EYLER, KENNEY, and PAUL E. ALPERT (Ret., specially assigned), JJ.

EYLER, Judge.

This case raises the issue of whether the Circuit Court for Calvert County erred in dismissing a petition seeking judicial review of a decision by the Workers' Compensation Commission on the ground that the record was not timely transmitted to the circuit court. For reasons stated below, we find error and reverse the judgment of the circuit court. In doing so, we hold that a failure to transmit timely a record, in literal violation of Rule 7–206(d), does not mandate dismissal of a petition for judicial review. Because there was substantial compliance with the Rule, and no showing of prejudice, the petition should not have been dismissed.

## Facts

Appellant, Kerry M. Wormwood, filed a workers' compensation claim against Batching Systems, Inc., employer, and Travelers Indemnity Company, insurer, both appellees. The Workers' Compensation Commission denied the claim on June 30, 1997. On July 16, 1997, appellant filed a petition for judicial review in the Circuit Court for Calvert County. On July 21, 1997, the petition was received by the Commission.

By letter dated July 21, 1997, Jacqueline P. Proctor, a court reporter, advised appellant's counsel[1] that she had reported the workers' compensation proceeding and estimated the cost of preparing the transcript at $42.50. The letter also advised appellant's counsel that the transcript would be completed within 60 days after payment had been received and that counsel could request an extension of the deadline for filing.

On September 2, 1997, counsel for appellant forwarded payment to the court reporter. On September 19, 1997, the court reporter filed the transcript with the Commission's appeals clerk. Pursuant to Md. Rule 7–206(c), September 19 was the last day for transmission of the record to the circuit court.

On September 25, 1997, the record, including the transcript, was sent to the circuit court, and on September 29, 1997, it was received by it. Appellees filed a motion to dismiss the petition for judicial review on the ground that the record had not been timely filed and attached a request for hearing. On October 29, 1997, without a hearing, the circuit court granted the motion. The docket entries reflect that a copy of that order was mailed to counsel on November 7, but a copy of the mailing envelope contained in the record extract bears a postmark of November 10, 1997.

On November 14, 1997, appellant filed a motion for reconsideration on the ground that the delay was the fault of the agency and not that of appellant. On March 10, 1998, the circuit court held a hearing on that motion and, thereafter, denied it. Appellant noted a timely appeal to this Court and inquires whether the circuit court erred in dismissing the petition for judicial review and in denying the motion for reconsideration.

### Contentions

Appellant acknowledges that the motion for reconsideration was not filed within 10 days after the order dismissing the

---

1. Counsel for appellant at that time was not the same as counsel of record in the appeal before this Court.

petition for judicial review. Consequently, the time for noting an appeal was not extended pursuant to Rule 2–534, and the only matter before this Court is the denial of the motion for reconsideration.

Appellant also acknowledges that, ordinarily, the standard of appellate review applicable to the circuit court's ruling on such a motion is whether the court abused its discretion. Appellant argues, however, that the standard in this instance is whether an error of law was committed. Relying primarily on *Sullivan v. Insurance Commissioner*, 291 Md. 277, 434 A.2d 1024 (1981),[2] appellant asserts that the underlying dismissal was void because of lack of notice and an opportunity to be heard. The lack of notice and opportunity to be heard was as a result of two alleged errors committed by the circuit court. First, because a hearing was requested by appellee, pursuant to Rule 2–311(f) and *Adams v. Offender Aid & Restoration*, 114 Md.App. 512, 691 A.2d 248 (1997), the circuit court was required to hold a hearing before dismissing the case. Second, pursuant to Rule 1–321, a copy of the order of dismissal was not timely served on appellant.

Alternatively, appellant argues that, if the proper standard of appellate review of the decision on the motion for reconsideration is whether the circuit court abused its discretion, the circuit court's failure to vacate the prior order of dismissal was such an abuse.

With respect to the merits of the underlying dismissal, appellant contends that the duty to prepare and transmit the record, including the transcript, rests on the Commission. First, pursuant to Rule 7–206(d), appellant contends that he must have caused the failure, not merely have contributed to it, to justify dismissal of the petition. Second, appellant argues that substantial compliance with the rule regulating

---

**2.** In *Sullivan,* the circuit court struck appellant's notice of appeal to this Court based on a failure to transmit timely the record without notice and opportunity to be heard by appellant. The Court held that appellant's due process rights had been violated.

transmission of the record is sufficient and that there was substantial compliance in this case.

Appellee argues that the circuit court found as a fact that the delay in transmitting the record was not solely attributable to the court reporter or the Commission and that this finding was not clearly erroneous. Once the court made that finding, appellee continues, the court had no discretion under the Rule and dismissal was mandatory.

## Analysis

### Standard of Review

An appeal from a denial of a motion to revise or "motion for reconsideration," pursuant to Rule 2–535(a), does not serve as an appeal from the underlying judgment, and the applicable standard is whether the court abused its discretion. *New Freedom Corp. v. Brown,* 260 Md. 383, 386, 272 A.2d 401 (1971), *rev'd on other grounds,* 352 Md. 31, 720 A.2d 912 (1998); *Stuples v. Baltimore City Police Department,* 119 Md.App. 221, 241, 704 A.2d 518 (1998); and *Blitz v. Beth Isaac,* 115 Md.App. 460, 469 n. 4, 694 A.2d 107 (1997), *rev'd on other grounds,* 352 Md. 31, 720 A.2d 912 (1998). As we said in *B & K Rentals v. Universal Leaf,* 73 Md.App. 530, 537, 535 A.2d 492 (1988), however,

> that the matter is left to the discretion of the trial court does not mean that if the action of that court is clearly arbitrary or has no sound basis in law or in reason, it could not be reviewed, but it does mean that we will not reverse the judgment of the trial court unless there is grave reason for doing so.

The fact that an error may have been or was committed and not corrected by a trial court on a motion to revise is not necessarily an abuse of discretion. The nature of the error, the diligence of the parties, and all surrounding facts and circumstances are relevant. Thus, the determination is case specific. The real question is whether justice has not been done, and our review of the exercise of a court's discretion will be guided by that concept. *Clarke Baridon, Inc. v. Union*

*Asbestos & Rubber Co.*, 218 Md. 480, 483, 147 A.2d 221 (1958); *B & K Rentals,* 73 Md.App. at 537, 535 A.2d 492.

▮ It appears, based on appellee's argument in support of its motion to dismiss and the comments by the circuit court, that the circuit court believed, based on its finding that appellant contributed to the delay, that dismissal was mandatory. Given our holding that dismissal was not mandatory, the circuit court committed an error of law. As stated above, it is not necessarily an abuse of discretion to fail to correct an error, even one of law. In this case, the court also failed to grant a hearing as required on the motion to dismiss, and the clerk's office failed to serve timely a copy of the order of dismissal on appellant, thereby causing or contributing to the late filing of the revisory motion. Consequently, even though we are reviewing only the decision on the motion for reconsideration, because it was an abuse of discretion not to correct the error, we reverse the decision of the circuit court.

### The Merits

▮ We agree with appellee that there is sufficient evidence to support a finding that the delay in transmitting the record was not the fault of the Commission or the court reporter without at least some responsibility for delay being attributable to appellant. We note that: (1) the court reporter advised that payment was necessary; (2) the court reporter advised that counsel should consider requesting an extension; (3) appellant's counsel did not follow up with the Commission; and (4) the preparation of the transcript may have been delayed because of late payment. There was also evidence, however, that (1) the Commission contributed to the delay because of the length of time it took to advise the court reporter of the filing of the petition for judicial review; (2) the delay in payment may not have delayed preparation of the transcript; and (3) the transcript was completed in time for the record to have been timely transmitted.

Maryland Rules 7–201 through 7–210 govern judicial review of administrative agency decisions.[3] Rule 7–206(c) and (d)

---

3. Prior to July 1, 1993, and subsequent to January 1, 1959, subtitle B of the Maryland Rules and its predecessor, Rule 1101, governed appeals

provide the time frames within which to transmit an adminis-
trative agency's record:

(c) *Time for transmitting.* Except as otherwise provided
by this Rule, the agency shall transmit to the clerk of the
circuit court the original or a certified copy of the record of
its proceedings within 60 days after the agency receives the
first petition for judicial review.

(d) *Shortening or extending the time.* Upon motion by
the agency or any party, the court may shorten or extend
the time for transmittal of the record. The court may
extend the time for no more than an additional 60 days.
The action shall be dismissed if the record has not been
transmitted within the time prescribed unless the court
finds that the inability to transmit the record was caused by
the act or omission of the agency, a stenographer, or a
person other than the moving party.

Cases interpreting the predecessor rules have distinguished
between provisions that require strict compliance and provi-
sions that are satisfied by substantial compliance. In the
following decisions, the courts found substantial compliance.
In *Town of Somerset v. Montgomery County Board of Ap-
peals*, 245 Md. 52, 225 A.2d 294 (1966), the circuit court
dismissed a zoning appeal because the petition of appeal did
not assert that the petitioners were aggrieved by the decision
of the Board. *Id.* at 59, 225 A.2d 294. The Court of Appeals
reversed that decision with the following explanation:

Where there is compliance with the substance of the re-
quirements of statutes or rules and the other parties have
not been prejudiced, technical irregularities cannot be made
the basis of depriving persons of the opportunity to assert
their legal rights ... [A]ppellant's failure to allege expressly

---

from administrative agencies (including the Workers' Compensation
Commission, except for the period from June 1, 1960 to January 1,
1962).

in the petition of appeal that they were aggrieved parties ... was, at most, such a technical irregularity.

245 Md. at 61, 225 A.2d 294 (Citations omitted.)

In *Furley v. Warren–Ehret Co.*, 195 Md. 339, 73 A.2d 497 (1950), the Court of Appeals held that the circuit court ruled correctly when it denied a motion to dismiss an appeal from the State Industrial Accident Commission, even though the record had not been timely filed due to the request of appellant's counsel "that the preparation of the transcript ... be deferred until ... further word from me." *Id.* at 343, 73 A.2d 497. The Court of Appeals explained that "[s]ince there is no showing of prejudice, we think the motion ... was properly denied." *Id.* at 347, 73 A.2d 497.

In *Border v. Grooms*, 267 Md. 100, 297 A.2d 81 (1972), the Court found substantial compliance with the Rules when appellant filed an order and petition of appeal in accordance with former Rule B2 and mailed a copy to counsel for the agency but failed to serve a copy of the petition on the agency. 267 Md. at 106–107, 297 A.2d 81. In *Board of Co. Com'rs v. Kines*, 239 Md. 119, 210 A.2d 367 (1965), the Court held that there was substantial compliance with the appeal procedures when a copy of the order of appeal was not served on the agency prior to its filing with the clerk of the court as required by former Rule B2(c). The court noted that the agency received a copy of the petition of appeal before expiration of the time for appeal and, therefore, had full and timely notice. 239 Md. at 125, 210 A.2d 367. In *Mears v. Bruce, Inc.*, 39 Md.App. 649, 388 A.2d 550 (1978), the Court held that there was a technical violation of the Rules that did not warrant dismissal of the appeal when appellant timely filed an order and petition of appeal, properly served notice on the agency, and ordered and paid for the transcript. The agency timely transmitted the record but without exhibits, and the exhibits were filed late.

The decision in *Jacober v. High Hill Realty, Inc.*, 22 Md. App. 115, 321 A.2d 838 (1974), is distinguishable from the facts of the case before us. In that case, appellant noted an appeal

from the County Board of Zoning Appeals. The question presented was whether the circuit court erred in dismissing the appeal for failure to file the record within the time prescribed in former Rule B7. Appellant obtained orders from the circuit court extending the time for transmitting the record to a date more than 90 days from the date of filing the petition. We concluded that the orders extending the time beyond 90 days were invalid because Rule B7(b) provided that the time for transmitting the record could be extended but in no event could exceed a total of 90 days. We held that the circuit court was not clearly erroneous in finding that appellant, without excuse, delayed in originally requesting the transcript, and that this initial delay resulted in the inability of the Commission to transmit the record within the 90 days. Clearly, there was not substantial compliance with the rule when the record was transmitted beyond the 90 day maximum permitted by the rule.

The bulk of cases in which Maryland appellate courts have dismissed appeals from administrative agencies for failure to comply with the Rules involved a failure timely to file petitions of appeal under predecessor rules that required the filing of an order and petition of appeal. *See Francois v. Alberti Van & Storage Company, Inc.,* 285 Md. 663, 404 A.2d 1058 (1979); *Volk v. Pugatch,* 262 Md. 80, 277 A.2d 17 (1971); *Salisbury Board v. Bounds,* 240 Md. 547, 214 A.2d 810 (1965); *Ohio Casualty Insurance Company v. Insurance Commissioner,* 39 Md.App. 547, 387 A.2d 622 (1978).

■ These cases were decided at a time when such pleadings, in certain contexts, were considered to be analogous to appeals from a trial court to an appellate court. This is significant because the time requirements for filing appeals are ordinarily treated as jurisdictional in nature and, consequently, not subject to discretion or waiver. *Kim v. Comptroller,* 350 Md. 527, 535, 714 A.2d 176 (1998). It has been clear for some time, however, that a petition for judicial review of an agency's decision invokes the original jurisdiction of the

circuit court, and the time for filing is in the nature of a statute of limitations. *Id.* at 536, 714 A.2d 176.

Statutes of limitations are ordinarily not jurisdictional and are generally waivable. *Id.* Consequently, a failure timely to file a petition for judicial review may properly proceed in circuit court if the late filing is waived. We do not mean to suggest, however, that petitions for judicial review can be filed late and be effective if the late filing is raised as a defense. If not timely filed, the rule ordinarily will be strictly enforced, as is any limitations defense properly raised. Such a defense, while waivable, is ordinarily not subject to the exercise of discretion.

The transmittal of the record, however, is neither jurisdictional nor in the nature of a statute of limitations and the rule governing transmittal is subject to substantial compliance. We note that the substantial compliance test is particularly appropriate with respect to judicial review of Workers Compensation Commission decisions. By statute, such reviews are *de novo*. In this case, there was substantial compliance in that the delay was not solely attributable to appellant, and the entire record, including the transcript, was before the circuit court at the time it was asked to dismiss the appeal because of appellant's non-compliance with Rule 7–206. Under these circumstances, the circuit court should not have granted the motion unless persuaded that appellee had been unfairly prejudiced by the late filing of the record. Appellee made no showing of prejudice and its motion to dismiss should have been denied.

**JUDGMENT REVERSED; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.**