846 A.2d 462

**HAHN TRANSPORTATION, INC., et al.**

v.

**Thomas GABELER.**

**No. 7, Sept. Term, 2003.**

Court of Special Appeals of Maryland.

April 7, 2004.

David A. Skomba (Laura L. Stephens, Franklin & Prokopik on the brief), Baltimore, for Appellant.

Andrea C. Babest, Samuel Sperling, Baltimore, for Appellee.

Panel: MURPHY, C.J., SALMON and KENNEY, JJ.

KENNEY, Judge.

Hahn Transportation, Inc. and its workers' compensation insurer, Zurich American Insurance Company (collectively referred to as "Appellants"), appeal the dismissal of their petition for judicial review by the Circuit Court for Frederick County. Appellants filed a petition to have the circuit court review a decision of the Maryland Workers' Compensation Commission ("Commission") awarding Thomas Gabeler ("Gabeler"), appellee, additional temporary total disability benefits and care for alleged psychiatric symptoms that arose out of a job-related accidental injury. Appellants present two questions for our review, which we have consolidated into one:

Did the trial court err or abuse its discretion in granting Gabeler's motion to dismiss?

For the reasons below, we shall reverse the circuit court and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

Gabeler was employed by Hahn Transportation, Inc. as a driver. On April 28, 2001, while making a gas delivery in Glen Burnie, he was attacked by a drunk driver. He suffered injuries to his ribs, neck, right hand, and right knee, and was subsequently granted temporary total disability benefits by the Commission.

On February 26, 2002, Gabeler went before the Commission: 1) to have temporary total disability benefits granted for the period beginning November 14, 2001, through December 13, 2001, and for the period beginning January 25, 2002, through the present; and 2) to obtain authorization for psychological counseling based on the recommendation of a psychologist.

The Commission, on March 6, 2002, issued an order extending the temporary total disability benefits as requested and authorizing the psychiatric counseling.

On March 27, 2002, Appellants filed a petition for judicial review with the Circuit Court for Frederick County. The Commission transferred the record on May 30, 2002, pursuant to Maryland Rule 7–206(c).

On June 20, 2002, and July 17, 2002, the Commission, pursuant to its continuing jurisdiction under § 9–742 of the Workers' Compensation Act over medical treatment and temporary total disability benefits, held additional hearings.[1] After the first hearing, the Commission found that Gabeler was authorized to see additional doctors for evaluation and assessment and that he was entitled to continued temporary total disability benefits. The second hearing authorized Gabeler to see additional doctors for evaluations and recommendations for a treatment plan. The Commissioner recognized that the subsequent hearings were causally related to the March 6, 2002 order. The Commissioner stated:

I want the record to be clear that the parties are in agreement that there are-actually, they're not additional issues. They really are part of the issues that have been presented and offered to begin with, but it's apparent that the issues of continuation of prescription medications and the continuation of the claimant's temporary total disability status are also issues that need to be decided by the Commission as well.

The June 24, 2002 order provided that

---

1. Md.Code (1991, 2003 Supp.) § 9–742 of the Labor and Employment Article states, in pertinent part:

(a) *In general.*—The Commission retains jurisdiction pending an appeal to consider:

(1) a request for additional medical treatment and attention; and
(2) a request for temporary total disability benefits, provided that the covered employee's temporary total disability benefits were granted in the order on appeal, and were terminated by the insurer or self-insurer pending adjudication or resolution of the appeal.

as part of Commissioner Vincent's Order of 3/6/02 the claimant is authorized to see Dr. Hertzberg for evaluation and assessment of the claimant's medication needs and ORDERED that continuation for prescription medicine as prescribed by treating doctor is allowed and direct billiing [sic.] is to be arranged by the employer and insurer with claimant's pharmacy of choice. It is further ORDERED that the employer and insurer advance unto the claimant the sum of $2,000.00; said advance shall be a credit against permanent partial disability and ORDERED that continuation of temporary total disability status is allowed.

The July 17, 2002 order stated, in pertinent part,

that referrals to Drs. Shin and Kaplan are authorized. The referrals are for evaluations and the recommendations for a treatment plan. All medicals from Dr. Hertzberg, Dr. Cohen, and the functional capacity examination shall be made available so that a coordinated treatment plan can be developed. The treatment plan shall be authorized for a period of 60 days. Any additional treatment is subject to agreement of the parties or review by this Commission. Treatment shall not be terminated without an Order of the Commission. Either party may request an emergency hearing on the issue of treatment.

On February 2, 2003, the circuit court held a hearing to address Appellants' petition for judicial review of the March 6, 2002 order. As of that date, neither the June 24, 2002, nor the July 17, 2002, orders or transcripts from the subsequent hearings had been transferred to the circuit court before the scheduled judicial review hearing. For that reason, at the beginning of the hearing, Gabeler orally moved to dismiss. Relying on Md.Code (1991, 1999 Repl.) § 9–739 and § 9–742 of the Labor and Employment Article ("LE") and Title 7 of the Maryland Rules, Gabeler argued that Appellants had failed to file the entire record with the court, and, therefore, the case should be dismissed. Appellants countered that under the rules they did not "have any duty to supplement the record," and therefore the motion should be denied. In the alternative,

Appellants requested that the court grant a continuance so that the record could be supplemented.

After a short recess, the court granted the motion to dismiss, stating:

> Essentially, appellants have admitted that they never instructed the Commission to prepare a record and transmit it to the Circuit Court. Therefore, I don't think that we can find substantial compliance and I don't think unless you show substantial compliance that the burden shifts to the claimant to make a determination of showing a prejudicial effect, but obviously, I mean there is a prejudicial effect if, in fact, we go forward with the trial, as has been suggested we should, and there is no record here. There actually is no order here, there is no record here, there are no exhibits here. So, for those reasons, I have granted the motion to dismiss.

On February 24, 2003, the court entered a judgment, granting the motion to dismiss. On February 27, 2003, the supplemental documents from the hearings held on June 20, 2002, and July 17, 2002, were forwarded to the circuit court by the Commission. Appellants noted this timely appeal.[2]

---

**2.** On April 11, 2003, the Commission again held a subsequent hearing pursuant to its continuing jurisdiction. There were five issues before the agency: 1) Was Gabeler still entitled to temporary and total disability?; 2) Is the continued treatment by Dr. Lasson and Dr. Hartzberg reasonable and necessary?; 3) Is the continued treatment by Dr. Kaplan reasonable and necessary?; 4) Could Gabeler receive authorization for a cervical MRI?; and 5) Could Gabeler receive authorization for a second opinion on pain management with Dr. Hendler. In addressing these questions, the Commission ordered

> that the [Appellants] continue to pay unto the claimant compensation for temporary total disability at the rate of $567.00 per week and ORDERED that the claimant shall be referred to the Department for Physical and Rehabilitative Medicine at either Sinai or Johns Hopkins Hospital for evaluation and assessment of treatment needs and if indicated to provide a treatment plan. It is further ORDERED that continuation of treatment by Drs. Lasson and Hartzberg and continued treatment with Dr. Kaplan is reasonable and necessary pending evaluation as ordered above.

The April 11, 2003 transcript and corresponding order were transferred to the circuit court on June 11, 2003.

■■■■■■■

## DISCUSSION[3]

Appellants first argue that the appropriate record in the case was timely transmitted to the circuit court pursuant to the Maryland Rules, and, thus, the court committed legal error in dismissing the case on that ground. In the alternative, Appellants argue that the court abused its discretion in dismissing the appeal because they had substantially complied with the Rules.

The procedures on appeal from a decision of the Workers' Compensation Commission are governed by LE § 9–700 *et seq.* Section 9–739(a) states: "A certified copy of the record of the proceedings of the Commission, including any transcript of testimony, a statement of facts in place of the record, or stipulations shall be filed with the circuit court in accordance with Title 7 of Maryland Rules." Section 9–742 (2003 Supp.) states, in pertinent part:

(a) *In general.*—The Commission retains jurisdiction pending an appeal to consider:

(1) a request for additional medical treatment and attention; and

(2) a request for temporary total disability benefits, provided that the covered employee's temporary total disability benefits were granted in the order on appeal, and were terminated by the insurer or self-insurer pending adjudication or resolution of the appeal.

(b) *Supplemental order.*—(1) If the Commission finds that a covered employee needs additional medical attention pending an appeal, the Commission may pass a supplemental order requiring the employer to provide additional medical treatment and attention.

(2) If the Commission finds that a covered employee's temporary total disability benefits were terminated pending

---

3. Gabeler's attorneys sought, over Gabeler's and Hahn's objection, to withdraw their appearance on November 20, 2003. Because the appeal relates to procedure, we denied the motion at the beginning of oral argument.

adjudication or resolution of the appeal, and that the employee was temporarily totally disabled at the time of termination, the Commission may pass a supplemental order requiring the employer to provide the employee with temporary total disability benefits.

(3) If the Commission's decision to reinstate temporary total disability benefits is reversed or modified on appeal, the insurer or self-insurer shall be entitled to an offset or credit for overpayment of the temporary total disability benefits granted in the supplemental order.

(c) *Review on pending appeal.*—A supplemental order passed by the Commission under this section is subject to review on the pending appeal.

Although supplemental orders extending temporary total benefits and providing for additional medical treatment are "subject to review on the pending appeal," subsection (c) does not indicate that a second petition for judicial review is necessary and it does not address with whom, the petitioner or the agency, lies the obligation to initiate the transfer of the record related to supplemental orders to the court. Maryland Rule 7–206 governs the transmittal of a record in cases of judicial review of administrative agency decisions and states, in pertinent part:

(a) **Contents; expense of transcript.** The record shall include the transcript of testimony and all exhibits and other papers filed in the agency proceeding, except those papers the parties agree or the court directs may be omitted by written stipulation or order included in the record. If the testimony has been recorded but not transcribed before the filing of the petition for judicial review, the first petitioner, if required by the agency and unless otherwise ordered by the court or provided by law, shall pay the expense of transcription, which shall be taxed as costs and may be apportioned as provided in Rule 2–603. A petitioner who pays the cost of transcription shall file with the agency a certification of costs, and the agency shall include the certification in the record.

\* \* \*

(c) **Time for transmitting.** Except as otherwise provided by this Rule, the agency shall transmit to the clerk of the circuit court the original or a certified copy of the record of its proceedings within 60 days after the agency receives the first petition for judicial review.[ 4]

(d) **Shortening or extending the time.** Upon motion by the agency or any party, the court may shorten or extend the time for transmittal of the record. The court may extend the time for no more than an additional 60 days. The action shall be dismissed if the record has not been transmitted within the time prescribed unless the court finds that the inability to transmit the record was caused by the act or omission of the agency, a stenographer, or a person other than the moving party.

The Rule does not address supplemental orders.

■ With regard to the initial transfer of the record on appeal, the obligation to transmit the record " 'is expressly delegated to the agency.' " *Healthcare Strategies, Inc. v. Howard County Human Rights,* 117 Md.App. 349, 352, 700 A.2d 278 (1997) (quoting *Town of New Market v. Frederick County,* 71 Md.App. 514, 517, 526 A.2d 623 (1987)). We reiterated:

As written, Rule [7–206(a) ] is subject to at least two interpretations. One, the responsibility for transmitting the record to the clerk is expressly delegated to the agency. The agency, therefore, is obliged to obtain a transcript notwithstanding it may require the appellant to pay the costs thereof. Two, payment of the expense of transcription is ordinarily borne by the appellant; it is therefore, incumbent upon appellant to initiate the process of obtaining a transcript. Clearly, Rule [7–206(a) ] places the responsibility for transmitting the record to the clerk of the court upon

---

4. A review of the Rules Committee's minutes from March 13, 1992, indicates that the phrase "first petition for judicial review" is in response to the situation where more than one party petitions for judicial review, and not to the question at hand.

the agency whose decision is being appealed. We think the onus is on the agency to forward to the clerk a complete record, since a record without the testimony is meaningless. [ (Citations omitted).]

*Id.*

We see no reason why the same reasoning should not apply to supplemental orders that are subject to review in a pending appeal, but, because we are persuaded that the circuit court abused its discretion in dismissing the appeal, we do not decide that issue in this case.

In *Wormwood v. Batching Systems,* 124 Md.App. 695, 723 A.2d 568 (1999), we held that compliance with Rule 7–206 is subject to "substantial compliance." In that case, Wormwood filed a workers' compensation claim against her employer, Batching Systems, Inc. and its insurer, Travelers Indemnity Company. The Commission denied her claim, and Wormwood filed a petition for judicial review.

On July 21, 1997, the court reporter at the Commission hearing advised Wormwood of the cost of preparing the transcript of that proceeding and explained that the transcript would be completed 60 days after payment was received. The court reporter also advised Wormwood that she could request an extension of the deadline for filing with the circuit court. Wormwood did not forward payment to the reporter until September 2, 1997. The court reporter filed the transcript with the Commission's appeals clerk on September 19, 1997, the last day under Rule 7–206 for transmission of the record to the circuit court. The Commission, in turn, did not transmit the record until September 25, 1997. The circuit court granted appellees' motion to dismiss because the record had not been timely filed.

On appeal, we reversed, holding that Wormwood had substantially complied with Rule 7–206. We stated: "In this case, there was substantial compliance in that the delay was not solely attributable to [Wormwood], and the entire record, including the transcript, was before the circuit court at the time it was asked to dismiss the appeal [.]" *Id.* at 705, 723 A.2d

568.   Furthermore, we held that "failure to transmit timely a record, in literal violation of Rule 7–206(d), does not mandate dismissal of a petition for judicial review.   Because there was substantial compliance with the Rule, and no showing of prejudice, the petition should not have been dismissed." *Id.* at 697, 723 A.2d 568.

In our decision in *Wormwood,* we reviewed cases interpreting Rule 7–206 and its predecessor rule, B7.   In the *Town of Somerset v. Montgomery County Board of Appeals,* 245 Md. 52, 225 A.2d 294 (1966), the circuit court dismissed an appeal because the petition for appeal "did not assert that the petitioners were aggrieved by the decision of the Board." *Wormwood,* 124 Md.App. at 702, 723 A.2d 568 (citing *Town of Somerset,* 245 Md. at 59, 225 A.2d 294).   The Court of Appeals reversed the circuit court, stating:

> Where there is compliance with the substance of the requirements of statutes or rules and the other parties have not been prejudiced, technical irregularities cannot be made the basis of depriving persons of the opportunity to assert their legal rights. . . . [A]ppellant's failure to allege expressly in the petition of appeal that they were aggrieved parties . . . was, at most, such a technical irregularity.

*Town of Somerset,* 245 Md. at 61, 225 A.2d 294 (citations omitted).

In *Furley v. Warren–Ehret Co.,* 195 Md. 339, 73 A.2d 497 (1950), the Court of Appeals upheld the circuit court's decision, denying a motion to dismiss even though the record had not been timely filed.   The Court of Appeals held that because there was no showing of prejudice to the complaining party, the motion was properly denied.

In *Mears v. Bruce, Inc.,* 39 Md.App. 649, 388 A.2d 550 (1978), we held that, even though there was a technical violation of the Rules, dismissal of the appeal was not warranted.   Mears filed a timely order and petition of appeal, properly served notice on the agency, and ordered and paid for the transcript.   Nevertheless, the exhibits were not filed with the record and were transmitted to the circuit court after the

filing deadline. We held that the appellant had substantially complied with the rule and no prejudice resulted in the delay of filing the exhibits, and therefore the circuit court erred in dismissing the appeal.

In *Jacober v. High Hill Realty, Inc.*, 22 Md.App. 115, 321 A.2d 838 (1974), we held that the circuit court did not err in dismissing an appeal because the record was not timely transmitted. In that case, the appellant had the time extended to transmit the record to more than 90 days from the date the petition for appeal was filed. Nevertheless, appellant did not request preparation of the transcript immediately and this delay resulted in the inability of the County Board of Zoning Appeals to transmit the record within the 90 days. As the court in *Wormwood* succinctly summarized, "Clearly, there was not substantial compliance with the rule when the record was transmitted beyond the 90 day maximum permitted by the rule." *Wormwood*, 124 Md.App. at 704, 723 A.2d 568.

In this case, there was, at the very least, substantial compliance. The Commission issued its Notice of Appeal and Certification on April 4, 2002, and transmitted the March 6, 2002 record within the required sixty days. The issue of causation, the central issue of the appeal, was determined in the March 6, 2002 hearing. The subsequent hearings and orders were based on that March 6, 2002 decision. As the Commission stated, the issues at the supplemental hearings were "not additional issues. They really are part of the issues that have been presented and offered...." The record as to that initial decision was before the court. On that basis alone, it would appear that there was no reason not to proceed on the issue of causation. Moreover, Gabeler was not prejudiced because he had a copy of the subsequent orders on the day of the court's hearing and oral dismissal.[5] In addition, his benefits continued. If there was a valid reason not to proceed that day, a postponement was appropriate. The mistake, even

---

5. The record was supplemented within three weeks from the hearing to include the orders from the June 20 and July 17, 2002 hearings.

assuming it was Appellants', in not ensuring that the circuit court had a complete record of the supplemental hearings before the judicial review hearing should not have deprived Appellants of the opportunity to litigate their claim.

Discretion has been defined as "a reasoned decision based on the weighing of various alternatives." *Judge v. R and T Construction Co.*, 68 Md.App. 57, 60, 509 A.2d 1236 (1986) (citations omitted). Under the circumstances, we are convinced that it was an abuse of discretion to dismiss the case.

**JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR FREDERICK COUNTY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY APPELLEE.**