888 A.2d 1224

**MONTGOMERY COUNTY, Maryland**

v.

**Carter POST.**

**No. 327, Sept. Term, 2005.**

Court of Special Appeals of Maryland.

Dec. 23, 2005.

---

opposing parties and this Court. *Ohio Rules for Reporting Opinions* 2(G)(3).

Karen L. Federman Henry (William A. Snoddy, Charles W. Thompson, Jr., County Attorney on the brief), Rockville, for appellant.

Brief not submitted by appellee.

Argued before JAMES R. EYLER, BARBERA and MEREDITH, JJ.

JAMES R. EYLER, J.

The Animal Matters Hearing Board for Montgomery County (the Board), affirmed a decision by the Director of the Animal Services Division (the Director), who found that a dog owned by Carter Post, appellee, was potentially dangerous and had to be muzzled under certain circumstances. Appellee, aggrieved by the decision, petitioned for judicial review in the Circuit Court for Montgomery County. The circuit court reversed the decision of the Board for failure of the Board to give notice to the parties and to transmit timely the record to circuit court, as required by Title 7, Chapter 200 of the Maryland Rules. Montgomery County, appellant, noted an appeal to this Court and contends that the circuit court erred in reversing the Board's decision. We agree and shall reverse the judgment of the circuit court.

## Factual Background

The Director declared appellee's dog "potentially dangerous," based on a finding that the dog attacked and injured another animal, and ordered appellee "to keep [the dog] muzzled and on a non-retractable nylon or leather leash when off [appellee's] premises." Appellee appealed to the Board.

On March 22, 2004, the Board held a hearing and, on April 27, 2004, issued an opinion and order affirming the Director's decision.

On May 4, 2004, appellee filed a petition for judicial review in circuit court. The circuit court mailed a copy of the petition to the Board, as required by Rule 7–202(d)(1).[1]

The Board did not give written notice to all parties to the proceedings before it, as required by Rule 7–202(d)(3),[2] and did not file a certificate of compliance with section (d), as required by Rule 7–202(e).[3]

By letter dated May 17, 2004, the circuit court mailed a letter to counsel for appellee and to the Animal Services Division, but not to the County Attorney's office, counsel for the Director, advising that the case had been specially assigned to a particular judge.

Rule 7–206(c) provides that "the agency shall transmit to the clerk of the circuit court the original or a certified copy of the record of its proceedings within 60 days after the agency

---

1. Rule 7–202(d)(1) provides: "Notice to agency.... The clerk shall promptly mail a copy of the petition to the agency, informing the agency of the date the petition was filed and the civil action number assigned to the action for judicial review."

2. Rule 7–202(d)(3)provides: "By agency to parties. Unless otherwise ordered by the court, the agency, upon receiving the copy of the petition from the clerk, shall give written notice promptly by ordinary mail to all parties to the agency proceeding ..."

3. Rule 7–202(e) provides: "Certificate of Compliance. Within five days after mailing, the agency shall file with the clerk a certificate of compliance with section (d) of this Rule, showing the date the agency's notice was mailed and the names and addresses of the persons to whom it was mailed:"

receives [a] ... petition for judicial review." The record "shall include the transcript of testimony and all exhibits and other papers filed in the agency proceeding...." Rule 7–206(a). The agency may require the petitioner to pay the expense of transcribing testimony, which "shall be taxed as costs." *Id.*

The Board did not transmit the record to circuit court, as required by Rule 7–206(c).

On September 10, 2004, appellee filed, in circuit court, a motion to reverse the Board's decision, based on the Board's failure to transmit the record. According to the certificate of service, appellee's counsel mailed a copy of the motion to the Director but not to the County Attorney's office. No response was filed to the motion.

On October 14, 2004, the circuit court mailed notice of a hearing, scheduled for October 28, to counsel for appellee and to the Animal Services Division but not to the County Attorney's office. On October 28, 2004, the court held a hearing and, by order bearing the same date, docketed on November 3, reversed the Board's decision.

The circuit court mailed copies of the October 28 order, but it is not clear to whom they were mailed. At some point, the Board and the County Attorney's office apparently received the order. The Board caused a transcript of testimony to be prepared at its expense and, on December 1, 2004, forwarded the record, including the transcript, to the circuit court. On December 2, 2004, appellant, through the County Attorney, filed, in circuit court, a response to the petition for judicial review and a motion for reconsideration. Appellant acknowledged that the Board's staff had failed to take action but contended that reversal of the Board's decision was not an appropriate remedy.

On December 14, 2004, appellee filed an opposition to the motion. On March 23, 2005, the court held a hearing and, by order bearing the same date, denied the motion, based on the Board's untimeliness.

### Discussion

Appellant, asserting the interests of the Director and the Animal Services Division, the latter a party to the administrative proceeding and a part of County government,[4] contends the circuit court abused its discretion in denying appellant's motion for reconsideration without applying the usual standard of review applicable to decisions of administrative agencies. Appellee has not filed a brief on appeal.

The standard for judicial review of administrative decisions is well settled. As summarized by the Court of Appeals in *Board of Physician Quality Assurance v. Banks*, 354 Md. 59, 729 A.2d 376 (1999).

> A court's role in reviewing an administrative agency adjudicatory decision is narrow; it is limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determin[ing] if the administrative decision is premised upon an erroneous conclusion of law.

> In applying the substantial evidence test, a reviewing court decides whether a reasoning mind reasonably could have reached the factual conclusion the agency reached. A reviewing court should defer to the agency's fact-finding and drawing of inferences if they are supported by the record. A reviewing court must review the agency's decision in the light most favorable to it; ... the agency's decision is prima facie correct and presumed valid, and ... it is the agency's province to resolve conflicting evidence.

> Despite some unfortunate language that has crept into a few of our opinions, a court's task on review is *not* to substitute its judgment for the expertise of those persons who consti-

---

4. Appellant also has the right to represent the Board's interests because, even though, ordinarily, the Board is not a party to a judicial review of its own decision, it has the right to intervene and contest judgments that may hamper its ability to implement legislative policies. *Calvert County Planning Commission v. Howlin Realty*, 364 Md. 301, 319, 772 A.2d 1209 (2001). Additionally, appellant has an interest in the implementation of its laws. *See Hikmat v. Howard County*, 148 Md.App. 502, 514–520, 813 A.2d 306 (2002).

tute the administrative agency. Even with regard to some legal issues, a degree of deference should often be accorded the position of the administrative agency. Thus, an administrative agency's interpretation and application of the statute which the agency administers should ordinarily be given considerable weight by reviewing courts. Furthermore, the expertise of the agency in its own field should be respected.

*Id.* at 67–69, 729 A.2d 376 (internal citations and quotation marks omitted); *see also Maryland Aviation Admin. v. Noland,* 386 Md. 556, 581, 873 A.2d 1145 (2005) (holding that the circuit court was not authorized to overturn State agency's decision, where the sanction was lawful, authorized, and within the discretion of the agency and it was not shown to be arbitrary or capricious); *Harvey v. Marshall,* 389 Md. 243, 884 A.2d 1171, 1203 (2005) (holding that judicial review of an administrative agency's decision is limited solely to whether, given the relevant standard and facts, the agency's decision was arbitrary, illegal, capricious or unreasonable); *Tochterman v. Baltimore County,* 163 Md.App. 385, 406, 880 A.2d 1118 (2005) (holding that a reviewing court's task is to determine whether there was substantial evidence before the administrative agency on the record as a whole to support the agency's conclusions); *Dep't of Labor v. Boardley,* 164 Md. App. 404, 421, 883 A.2d 953 (2005)(holding that a court's role in reviewing an administrative agency decision is "limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law").

Judge Charles E. Moylan, writing for this Court, has reminded us that we must be sensitive to the separation of powers within government and that we owe institutional deference to the executive and legislative branches. *Tochterman,* 163 Md.App. at 387, 880 A.2d 1118.

■ In order to conduct a judicial review under the substantial evidence or fairly debatable standard, a court must have the administrative record. The circuit court did not have

the record at the time it reversed the Board's decision, and while it had the record at the time it denied appellant's motion for reconsideration, it did not review the record or, at least, did not base its decision on a review of the record.

An administrative agency has the initial responsibility for transmitting the record to circuit court, although the petitioner may be required to pay the cost of any transcription. *See* Rule 7–207; *Hahn Transportation v. Gabeler,* 156 Md.App. 213, 220, 846 A.2d 462 (2004); *Town of New Market v. Frederick County,* 71 Md.App. 514, 517, 526 A.2d 623 (1987). Nevertheless, it is "incumbent upon . . . [petitioner] to initiate the process of obtaining a transcript," *Town of New Market,* 71 Md.App. at 517, 526 A.2d 623, and the petitioner bears the responsibility for compliance with the rules. *See Wormwood v. Batching Systems, Inc.,* 124 Md.App. 695, 701–705, 723 A.2d 568 (1999); *Jacober v. High Hill Realty, Inc.,* 22 Md.App. 115, 124, 321 A.2d 838 (1974). The penalty for noncompliance is dismissal of the petition. Rule 7–206(d). A defense to possible dismissal is that noncompliance was caused by the agency. *See Wormwood,* 124 Md.App. at 701, 705, 723 A.2d 568; *Jacober,* 22 Md.App. at 124, 321 A.2d 838.

The transmittal of an administrative record is not jurisdictional and is not in the nature of a statute of limitations. *Wormwood,* 124 Md.App. at 705, 723 A.2d 568. Consequently, the rule governing transmittal is subject to substantial compliance. *Id.* It is established that a petitioner's substantial compliance with the rules will prevent dismissal of a petition, even though the petitioner is partially responsible for the rule violation. *Id.* In sum, the burden is on the petitioner to ensure that its petition is properly presented for decision, but if the failure to achieve that is not caused by the petitioner, the petitioner should not suffer the consequences of dismissal.

The burden on a petitioner for judicial review to ensure compliance with the rules is the same as the burden on an appealing party within the court system. A person who notes an appeal from a trial court's decision has the burden to

ensure that the record is complete and transmitted timely. If the appellate rules are not complied with, the appellate court may dismiss the appeal.

In the case before us, the action taken by the circuit court is in the nature of a default proceeding. There is no default concept in appellate courts, applicable to the non-appealing parties, such as exists at the trial level, as embodied in Rule 2–613. If the non-appealing party fails to file a brief, for example, as in the case before us, the appellate court decides the case on its merits, if the issues are properly before it, and does not reverse the trial court because the non-appealing party failed to respond. *See* Rules 8–201(c)(clerk shall transmit the record as provided in rules 8–412 and 8–413); 8–412 (clerk shall transmit the record within 60 days but appellate court may extend time except that if a motion for extension of time is filed after the time for transmittal has expired, the appellate court will not extend the time unless the failure was caused by a judge, clerk of court, court stenographer, or the non-appealing party); 8–413 (the record shall contain the docket entries, a transcript, and all original papers filed in the trial court); 8–411 (the appealing party shall order the transcript); 8–602(5)(the appellate court may dismiss the appeal if the record is not transmitted timely unless the failure was caused by a judge, clerk of court, court stenographer, or the non-appealing party).

Moreover, even at the trial level, a default does not completely bar the defaulting party from further participation. If an order of default is entered, pursuant to Rule 2–613(b), the defaulting party has the right to move to vacate pursuant to subsection (d), and if the order of default remains, it is dispositive only as to liability. Further proceedings may be required to establish damages. *See* Rule 2–613(f).

Finally, in some circumstances, the interests of others outweighs that of the litigants. For example, in *Flynn v. May,* 157 Md.App. 389, 391, 852 A.2d 963 (2004), we held that a change in physical custody of a child by default, without a hearing on the merits, was an abuse of discretion. The child's

best interest trumped the interest of the parents. Similarly, the law does not permit the granting of a divorce by default but requires the taking of testimony. *See Miller v. Miller,* 70 Md.App. 1, 23, 519 A.2d 1298 (1987). The State's interest trumps that of the litigants. *See id.*

The Board, in the case before us, was appointed by the County Executive and confirmed by the County Council. *See* Montgomery County Code § 5–104. It performed a quasi-judicial function in deciding the issue before it. Our governmental structure prevents the judiciary from reversing an administrative agency unless the agency's decision fails to pass muster under the applicable standard of review.

There is nothing in the Maryland Rules permitting summary reversal of such an agency's decision, without review of the record. When the Board failed to send notice of the petition for judicial review to the parties before it and failed to transmit the record, the court had the authority to dismiss the petition for judicial review or to extend the time for transmitting the record. *See* Rule 7–206. Dismissal of the petition would not have been appropriate in light of the fact that the failure to give notice and transmit the record was caused by the Board. *See* Rule 7–206(d). It was up to appellee, however, to follow up with the agency, and if appellee had done so, it would have been appropriate to extend the time for the agency to comply with the rules including transmittal of the record.

For the reasons stated above, the court erred in denying appellant's motion for reconsideration. Consequently, we shall reverse the judgment and remand the case to circuit court so that the court may perform a judicial review in accordance with the applicable standard.

**JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.**